■ WASHINGTON GREEN APARTMENTS, Respondent, v. ELINOR BUSALACCHI, Appellant.— Determination of the Appellate Term and final order of the Municipal Court awarding possession of the premises to landlord respondent, unanimously reversed, on the law, with costs to the appellant in this court and in the Appellate Term, and the petition dismissed, with costs. Section 5 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) provides the procedure that must be followed by this landlord to pursue his remedy at law to evict the tenant from the rent-controlled apartment. Since the facts in this case do not bring it within the scope of subdivision 1 of section 5 so as to permit the landlord to proceed in a court of law without a certificate of eviction from the Rent Commission, the landlord is not free to bypass that commission. A certificate of eviction is a prerequisite to eviction or removal proceedings in the instant situation. Subdivision 3 of section 5 authorizes the Rent Commission to adopt regulations to provide for the issuance of certificates of eviction "where it finds that the requested removal or eviction is ·not inconsistent with the purposes of this act and would not be likely to result in the circumvention or evasion thereof" (L. 1946, ch. 274, as amd. by L. 1955, ch. 685); and subdivision 1 of section 54 of the State Rent and Eviction Regulations was adopted in almost identical language to implement this authorization. It is clear that under subdivision 3 of section 5, initial determination as to whether the eviction of a tenant from a rent-controlled housing accommodation is inconsistent with the statute rests with the Rent Comission, subject of course to judicial review. Here, where the housing accommodation was concededly subject to rent control, the court had no jurisdiction to order the tenant's eviction, in the absence of a certificate of eviction. Concur — Botein, P. J., Breitel, Rabin, Valente and Noonan, JJ.